Serial: **259503**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 89-R-99015-SCT

**FILED**

NOV 1 2 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*IN RE: LOCAL RULES*

### EN BANC ORDER

This matter is before the Court, *en banc*, on the Motion for Approval of Proposed Local Rule for the Circuit Court of the 18th Judicial District filed by Dal Williamson, Circuit Court Judge for the Eighteenth Circuit Court District of Mississippi.

After due consideration, the Court finds that this motion should be granted.

IT IS, THEREFORE, ORDERED that the Motion for Approval of Proposed Local Rule for the Circuit Court of the 18th Judicial District filed by Dal Williamson, Circuit Court Judge for the Eighteenth Circuit Court District of Mississippi, is hereby granted. Local Rule 5 for the Eighteenth Circuit Court District of Mississippi, attached as Exhibit A, is approved and effective upon entry of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall spread this Order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the /2 ʰ day of November, 2025.

_____
JAMES D. MAXWELL II, JUSTICE

ALL JUSTICES AGREE.

# EXHIBIT A

## LOCAL RULE
## FOR
## THE EIGHTEENTH CIRCUIT COURT DISTRICT OF MISSISSIPPI

## RULE 5. APPOINTMENT OF COUNSEL FOR INDIGENT CRIMINAL DEFENDANTS

Pursuant to Rule 7.2(a)(1) of the Mississippi Rules of Criminal Procedure, the Court hereby establishes a procedure for the appointment of counsel for each indigent defendant entitled thereto:

> **(a) Order of Appointment.** When the Court has determined that a person is indigent, counsel is appointed and an order shall be entered to that effect in MEC and/or the court file.
>
> **(b) Appointment of Public Defender.** In justice courts that have a public defender system, the justice court public defenders shall represent all persons entitled to appointed counsel whenever authorized by law and able to do so. In municipal courts that have a public defender system, the municipal court public defenders shall represent all persons entitled to appointed counsel whenever authorized by law and able to do so. In circuit courts that have a public defender system, the circuit court public defenders shall represent all persons entitled to appointed counsel whenever authorized by law and able to do so. If the public defenders cannot represent the defendant, a private attorney shall be appointed.
>
> **(c) Appointment of Private Attorneys.**
>
> > 1. Appointments of private attorneys shall be made on an impartial and equitable basis. The appointments shall be distributed on a rotation system among the attorneys on the court-appointed attorney list. Cases shall be assigned to attorneys of sufficient experience, skill, and competence to render effective assistance of counsel to defendants.
> >
> > 2. The Court will maintain a court-appointed attorney list from which attorneys shall be appointed to represent indigent defendants. Attorneys may contact the Court Administrator and request that they be placed on, or removed from, the court-appointed list.

3. The Court will generally attempt to appoint attorneys from the court-appointed attorney list on a rotational basis, subject to the Court's discretion to make exceptions due to:

> i. the nature and complexity of the case;
> ii. an attorney's experience;
> iii. the nature and disposition of the defendant;
> iv. a language or communication consideration;
> v. a conflict of interest;
> vi. the availability of an attorney, taking into consideration an immediate need to address issues involved in the case;
> vii. geographic considerations;
> viii. attorney's foreign language proficiency; and
> ix. other relevant factors that may be involved in a specific case.

4. The Court will monitor attorney performance on a continuing basis to ensure the competency of attorneys on the list. An attorney may be removed from the appointment list at the discretion of the Court.

**(d) Compensation.** An attorney appointed to represent an indigent defendant is entitled to compensation for services rendered as provided by contract with the municipality or county or as provided by law.

**(e) Expenses.** As used herein, the term "compensation for services" shall include any reasonable expenses necessarily incurred by appointed counsel in defense of an indigent client, including fees and expenses of experts or professional persons, provided that the incurring of such expenses has been approved in advance by the presiding judge, with such approval being within the sound discretion of the Court.

**(f) Continuing Legal Education.** The public defenders and private attorneys appointed through the rotational system shall complete annual training or educational programs in the area of criminal defense accredited by the Mississippi Office of State Public Defender and the Mississippi Commission on Continuing Legal Education. Part-time defenders shall complete six (6) hours of such training and full-time defenders shall complete twelve (12) hours of such training.

**(g) Continuity of Appointment.** Any attorney who is appointed to represent a person in municipal court or justice court on a felony charge shall continue

3

representing that person until an indictment or information is filed in circuit court and new counsel is appointed by the circuit court.[1]

> 1. The municipal court or justice court shall conduct the initial appearances and preliminary hearings on the felony charge and hear motions for bond and motions to reduce bond (if municipal or justice court granted or denied bond) filed by the defendant or his/her attorney *prior to indictment or information.*

> 2. The attorney appointed to represent an indigent person in circuit court shall remain as counsel until withdrawal is granted and new counsel is substituted. *See* MRCrP 7.2(d).

**(h) Notice of Appointment.** Any attorney who is appointed to represent a person in municipal court or justice court on a felony charge shall notify the Circuit Court Administrator of that appointment within five (5) days of the date the defendant is bound over for consideration by the grand jury. Counsel shall notify the Circuit Court Administrator of the date of arrest, the charges, and bond status or conditions, if any.

---

[1] This rule does not limit a municipal court's or justice court's authority to enter an order substituting counsel prior to indictment.